UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEZETTIA JAMAL, | ) | |
| Plaintiff, | ) | No. C09-4249 BZ |
| v. | ) | **REPORT AND RECOMMENDATION** |
| THOMPSON & ASSOCIATES, P.C., | ) | |
| Defendant. | ) | |

Dezettia Jamal ("plaintiff") seeks entry of default judgment against defendant Thompson & Associates, P.C. ("defendant"). Defendant has not appeared in this action and did not respond to plaintiff's application. As defendant has not consented to magistrate judge jurisdiction, I will have the case reassigned. In this report, I recommend the motion be **GRANTED.**

On September 14, 2009, plaintiff filed a complaint against defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and its California equivalent, The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. By

his motion, plaintiff seeks damages for defendant's alleged violations of both the FDCPA and the RFDCPA.

Plaintiff alleges in his complaint that defendant, a "debt collector" as defined by both the FDCPA and the RFDCPA, sections 1692a(6) and 1788.2(c) respectively, made a single collection call to plaintiff, seeking payment for an alleged consumer debt. During the call, while demanding payment, defendant stated that "plaintiff had committed a crime for writing a bad check" and threatened to "take further action and have a claim against plaintiff." Complaint at ¶ 14, 16. As such, plaintiff alleges that defendant violated sections 1692d, 1692e, 1692e(4), 1692e(5), and 1692e(7) of the FDCPA and sections 1788.10(b), 1788.11(b), 1788.13(j), and 1788.17 of the RFDCPA. In addition, plaintiff also alleges that defendant failed to provide notice of his rights as an alleged debtor, in violation of section 1692g(a)(1-5) of the FDCPA and section 1788.17 of the RFDCPA.

Plaintiff served process on defendant's authorized agent on November 12, 2009. Doc. #6 Ex. A. Defendant failed to answer the complaint or otherwise defend the action. On December 15, 2009, the clerk of this Court entered defendant's default under Rule 55(a).[1]

By defaulting, defendant is deemed to have admitted the well-pleaded factual allegations of the complaint except those

---

[1] A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. 521. Defendant Thompson & Associates, P.C. is not subject to these limitations.

as to the amount of damages. Fed. R. Civ. P. 8(d); <u>TeleVideo Sys., Inc. V. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir, 1987). Plaintiffs have the burden of proving damages through testimony, written affidavit, or other relevant evidence. *See* <u>Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.</u>, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005).

Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A formal hearing is not required for a court to render a default judgment. <u>Davis v. Femdler</u>, 650 F.2d 1154 (9th Cir. 1981). Liability for violating various provisions of the FDCPA and the RFDCPA having been established on default, the remaining issue is the amount of damages available to plaintiff.

In his motion, plaintiff seeks damages totaling $5,596.50, including $2,000 in damages as a result of defendant's statutory violations, $2,396.50 in attorneys' fees, $350.00 in filing and service fees, and $750.00 in anticipated collection costs. Mot. For Def. J. P.6.

A single violation of the FDCPA is sufficient to establish civil liability. <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60, 62 (2nd Cir. 1993). Statutory damages are available without proof of actual damages. <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 781 (9th Cir. 1982). Under the FDCPA, a plaintiff may recover statutory damages not exceeding $1,000 and under the RFDCPA, a plaintiff may recover statutory

damages "not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b). Such damages may be awarded cumulatively under both statutes. *See* 15 U.S.C. § 1692(n) (The federal law "does not exempt any person . . . from complying with the laws of any State with respect to debt collection practices"); Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.").

Furthermore, the decision to award statutory damages and the size of such award is left "to the sound discretion of the district court." <u>Savino v. Computer Credit</u>, 164 F.3d 81, 86 (2d Cir. 1998). In making its determination, "the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692(k)(b). Some courts refuse to award any statutory damages where violations are technical and *de minimis*. <u>Lester E. Cox Med. Ctr. v. Huntsman</u>, 408 F.3d 989, 993-94 (8th Cir. 2005). Moreover, at least one court has refused to grant a plaintiff's motion for default judgment when the plaintiff failed to substantiate the basis for his statutory damages. <u>Thornton v. United Collections Servs.</u>, 2007 U.S. Dist. LEXIS 92997, at *2-3 (E.D. Mich.).

Plaintiff requests the maximum amount of statutory damages under both the FDCPA and the RFDCPA. However, much of

4

the conduct he complains about in his Memorandum of Points and Authorities in Support of Plaintiff's Application for Entry of Default Judgment is not supported by the allegations of the complaint or any proof filed in support of this motion. The only violation that "meets the well-pleaded allegations" standard is the alleged violation of section 1692g(a) of the FDCPA and section 1788.17 of the RFDCPA. Section 1692g(a) provides that a debt collector shall "send the consumer a written notice" of his rights within five days of the initial communication. Here, defendant failed to provide such notice. Complaint ¶ 17, 18.

The rest of plaintiff's allegations in the complaint are not supported by well-pleaded facts. Section 1692d of the FDCPA prohibits a debt collector from harassing, oppressing, or abusing any person during the collection of a debt. Section 1692e prohibits a debt collector from engaging in "false, deceptive, or misleading representation" during the collection of any debt. And section 1692e(4), (5), and (7) are the specific applications of section 1692e. *See* 15 U.S.C. § 1692e. In addition, section 1692f prohibits a debt collector from engaging in "unfair and unconscionable" conduct during the collection of a debt. Furthermore, in addition to the RFDCPA's equivalent sections, section 1788.11(b) of the California statute prohibits a debt collector from "[p]lacing telephone calls without disclosure of the caller's identity." Cal. Civ. Code § 1788.11(b).

Here, plaintiff alleges that while demanding payment, defendant stated that plaintiff "had committed a crime for

writing a bad check." Complaint ¶ 15. But nowhere in the complaint does plaintiff deny that he wrote a bad check or that he committed a crime. Rather, plaintiff only states that he "never wrote *Defendant* a check." Complaint ¶ 17 (emphasis added). Although an individual who writes a bad check does not necessarily commit a crime, writing a bad check may be a criminal offense if additional requirements are satisfied. *See e.g.*, Cal. Penal. § 490.5(c). Since plaintiff does not deny that he committed a crime, he has failed to establish that defendant's single phone call, constituted harassment or a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. Nor does plaintiff substantiate that such phone call was unfair or unconscionable or that defendant's threat to take action against him is a threat that "cannot legally be taken or that it is not intended to be taken." 15 U.S.C. § 1692e(5). Furthermore, the complaint never alleges that the caller failed to disclose her identity to plaintiff. In fact plaintiff states that the caller's name is Ms. Arnett. Complaint Ex. A.

Other claims in plaintiff's Memorandum are inconsistent with his complaint. It is not correct that "in [the] complaint, Plaintiff alleges: (1) Defendant *constantly* and *continuously* placed collection calls to Plaintiff seeking and demanding payment for Plaintiff's boyfriend's debt." Mot. For Def. J. P.4 (emphasis added). In fact the complaint alleges that plaintiff only received a single phone call from the defendant.

Accordingly, I find the only violation that is "well-

pleaded" in plaintiff's complaint is section 1692g(a)(1-5) of the FDCPA and section 1788.17 of the RFDCPA. Such violation is not technical or *de minimis*. See Lester E. Cox Med. Ctr., 480 F.3d at 994. However, plaintiff provides no evidence to suggest that defendant's conduct warrants the maximum amount of damages. Furthermore, since the violation occurred only once and plaintiff provides no evidence to suggest that such noncompliance was intentional, I recommend that plaintiff be awarded $300 under the FDCPA and $300 under the RFDCPA.

Plaintiff also requests that the Court awards reasonable attorneys' fees and costs. Both the FDCPA and the RFDCPA provide for an award of costs and reasonable attorneys' fees to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). The Ninth Circuit employs the lodestar approach to determine whether a fee request is reasonable. Jordan v. Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expected on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider an upward or downward adjustment. Id.

Here, the declaration of counsel and billing statement attached thereto establish that billing rates are $290 per hour with 7.1 hours in corresponding billable time, of which 3 hours were spent preparing and filing the Motion for Entry of Default Judgment. Lee Decl. ¶ 6, Ex. A. Considering some

7

allegations are factually and legally inconsistent with the complaint, which counsel admitted at the hearing and which suggests documents were carelessly drafted. I find 2 hours rather than 3 hours reasonable for preparing and filing the motion, for a total of 6.1 hours in attorneys' fees. Counsel also charged plaintiff $337.50 for 2.7 hours of paralegal time billed at $125 per hour. Id. Therefore, I recommend awarding $2106.50 in attorneys' and paralegal fees. I also recommend awarding the $350.00 in filing and service costs.

As to plaintiff's request for anticipated collection costs of $750.00 pursuant to section 1692k(a)(3) of the FDCPA, section 1692k(a)(3) simply does not apply here: this is not an action to enforce liabilities. Accordingly, I recommend plaintiff's request for anticipated collection costs of $750 be denied.

For the foregoing reasons, I recommend that plaintiff be awarded a judgment of $600.00 in statutory damages, $350.00 in costs, and $2106.50 in attorneys' and paralegal fees.

Dated: February 3, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\JAMAL V. THOMPSON\REPORT AND RECOMMENDATION GRANTING DEFAULT JUDGMENT.FINAL VERSION.wpd